UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60867-CIV-COHN/SELTZER

LYNNE M. BALTHAZOR,

    Plaintiff,

vs.

SECURITY CREDIT SERVICES, LLC,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Security Credit Services, LLC's Motion for Summary Judgment [DE 30] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 39] ("Response"), notes the lack of reply by the deadline of January 17, 2012, all of the parties' submissions, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Lynne M. Balthazor ("Plaintiff") filed suit against Defendant Security Credit Services, LLC ("Defendant") alleging that a counterclaim Defendant filed in a separate civil case violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. See Complaint [DE 1]. Specifically, Plaintiff contends that Defendant's counterclaim[1], that related to a credit card debt owed by Plaintiff that Defendant had

---

[1] That other case was Balthazor v. Central Credit Services, Inc., et al., Case No. 10-62435-CIV Cohn/Seltzer. In that case, the Court granted summary judgment to Defendants Security Credit Services, LLC and Central Credit Services, Inc. on Plaintiff's FDCPA claim on the grounds that Plaintiff had failed to establish that the debt at issue was a consumer debt, as required by the FDCPA. See DE 116 at 4-7.

purchased, violates the FDCPA because, at the time Defendant filed the counterclaim, it was not registered with the Florida Office of Financial Regulation as required by the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). Complaint ¶ 15.  According to Plaintiff, Defendant's failure to register with the Florida Office of Financial Regulation as a debt collector was an FDCPA violation because Defendant threatened to take legal action that it could not legally take.  Id.  ¶ 18. Defendant has now  moved for summary judgment.

## II. DISCUSSION

### A. Legal Standard

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at

587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### B. Plaintiff Has Established a Disputed Issue of Material Fact as to Whether the Debt at Issue is a Consumer Debt.

In its Motion for Summary Judgment, Defendant first argues that it is entitled to summary judgment because Plaintiff has failed to establish that the alleged debt is a "consumer debt," as that term is defined under 15 U.S.C. § 1692a.  Motion at 4. Section 1692e makes it a violation of the FDCPA for a debt collector "[to] use any false, deceptive, or misleading representation or means in connection with the collection of a debt."  15 U.S.C. § 1692e.  To recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a "debt."  Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 837 (11th Cir. 2010).  Title 15 U.S.C. § 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  The FDCPA further defines "Consumer" as "any natural person obligated

or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

In response, Plaintiff has submitted an affidavit in which she states that the cash advances she received from her credit card were used to pay for repairs for a family vehicle and for other personal expenses such as food and household items. Declaration of Lynne M. Balthazor in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [DE 40] ("Balthazor Decl.") ¶ 3.  Plaintiff states unequivocally that this money was not used for business purposes.  Id.  On this record, the Court finds that Plaintiff has successfully demonstrated a disputed issue of material fact as to whether the debt at issue was a consumer debt.  See McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1274 (M.D. Fla. 2008) (finding that plaintiff pointed to sufficient record evidence of a consumer debt to preclude summary judgment for defendant when she testified that she believed her credit card account was used for household expenses).  Accordingly, Defendant's Motion will be denied on this ground.[2]

### C. Plaintiff Has Established that Defendant is a Debt Collector Under the FDCPA.

Defendant next argues that it is entitled to summary judgment because Plaintiff has failed to establish that it is a "debt collector."  Motion at 4.  The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

---

[2] By contrast, in Balthazor v. Central Credit Services, Inc., et al., Case No. 10-62435-CIV Cohn/Seltzer, Plaintiff did not submit a declaration or provide the court with deposition testimony which discussed the nature of her debt.  On such a scant record, the Court had no choice but to grant the Defendants' motions for summary judgment.

4

or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Defendant argues it cannot be liable under the FDCPA because it is a creditor, not a debt collector. Motion at 5. The FDCPA defines "creditor" as:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). Defendant argues that it purchased Plaintiff's debt directly from Wells Fargo, and at all relevant times, sought to collect the debt on its own behalf. Motion at 5; Defendant's Statement of Undisputed Material Facts [DE 31] ¶¶ 3-4; Declaration of Joan Rasberry [DE 32] ("Rasberry Decl.") ¶ 7. Thus, according to Defendant, it does not fall within the statutory definition of debt collector.

In response, Plaintiff argues that Defendant is a debt collector because purchasing defaulted debts constitutes debt collection under the FDCPA. Response ¶ 4.[3] Plaintiff cites LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010), in support of its argument that initiation of litigation by a creditor can constitute debt collection under the FDCPA. In LeBlanc, the Eleventh Circuit held that a defendant's violation of the FCCPA for failure to register as a debt collector may support a federal

---

[3] Plaintiff's first argument, that Defendant admitted in Case No. 10-62435-CIV/Cohn/Seltzer that it was a debt collector is incorrect. See Response ¶ 3. Paragraph 5 of Defendant's Amended Answer, cited by Plaintiff, admits that "Defendant, SECURITY CREDIT SERVICES, LLC, ("SECURITY CREDIT") is a limited liability company. All its members are citizens of the State of Mississippi with its principal place of business at Suite 108, 2653 West Oxford Loop, Oxford, Mississippi, 38655." Compare Amended Answer [DE 34] ¶ 5 with Complaint [DE 1] ¶ 5. Paragraph 8 of the Complaint is the paragraph that alleges that Defendant regularly uses the mail and telephone and its business is the collection of debts. Complaint ¶ 8. This allegation is denied in the Amended Answer. Amended Answer ¶ 8.

cause of action under Section 1692e(5) of the FDCPA for threatening to take a legal action it could not legally take. 601 F.3d at 1192.[4] Although it was undisputed that the defendant in LeBlanc was a debt collector, the Eleventh Circuit nonetheless noted in a footnote that "initiation of legal proceedings by a creditor can constitute a debt collection activity." LeBlanc, 601 F.3d at 1193 n.15 (citing Heintz v. Jenkins, 514 U.S. 291, 293-96 (1995)). The court went on to conclude that the defendant was required to register as a debt collector pursuant to the FCCPA before it could file a lawsuit seeking to collect the debt. LeBlanc, 601 F.3d at 1198.

Plaintiff also cites additional district court opinions where courts have found that a debt buyer was a debt collector for the purposes of the FDCPA. See McCorriston v. L.W.T., Inc., No. 8:07–cv–160–T–27EAJ, 2008 WL 3243865, at *4 (M.D. Fla. Aug. 7, 2008) (holding that "[w]hile [the defendant] LWT does not engage in collection activities itself, LWT's principal business purpose is the collection of debts or there would be no reason for it to purchase debt portfolios. Accordingly, LWT falls within the plain language of the first prong of the 'debt collector' definition."); Johnson v. Americredit Fin. Servs., Inc., No. 3:08-0405, 2009 WL 2929396, at *6 (M.D. Tenn. Sept. 8, 2009) (observing that "appellate courts have repeatedly held that assignees are debt collectors if the debt sought to be collected was in default when it was acquired, and this remains so even if the assignee then owns the debt and is collecting for itself"); Herkert v. MRC Receivables Corp., 655 F. Supp. 2d 870, 880 (N.D. Ill. 2009)

---

[4] Section 1692e(5) of the FDCPA prohibits a debt collector from "threatening to take action that cannot be legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

6

("Defendants also argue that Encore cannot be held liable under the FDCPA because it is not a 'debt collector' and is instead simply a holding company that purchases charged-off debts. . . . The Seventh Circuit has specifically held that the purchaser of a defaulted debt is considered a 'debt collector' for purposes of the FDCPA, thus foreclosing Defendants' argument.")

Here, there is no dispute that when Defendant purchased Plaintiff's debt from Wells Fargo, it was in default.  See Rasberry Decl. ¶ 7 ("On June 15, 2009, Security purchased from Wells Fargo Bank a delinquent credit card account of Plaintiff Lynne M. Balthazor"); Balthazor Decl. ¶ 5 ("By June 15, 2009, I was clearly in default on the terms of the agreement for failure to make payments and my account with Wells Fargo had been closed and I no longer had any charging privileges.")  Because it is undisputed that Defendant purchased a defaulted debt, Defendant may be considered a debt collector under the FDCPA.  See McKinney v. Cadleway Props., Inc., 548 F.3d 496, 502 (7th Cir. 2008) (finding that because debt had been in delinquent for at least two years, defendant was a debt collector, not a creditor); Anderson v. Frederick J. Hanna & Assocs., 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005) ( "[D]efendants' argument that a lawsuit to collect a debt is not 'collection activity' is patently frivolous.").  Accordingly, the Court will deny Defendant's motion for summary judgment on this ground.

### D. Plaintiff has Shown a Disputed Issue of Material Fact Exists as to Whether the Defendant Engaged in Prohibited Conduct.

Defendant also contends that Plaintiff has failed to demonstrate that it engaged in any conduct prohibited by the FCCPA.  Motion at 6.  The FCCPA provides that "[a]fter January 1, 1994, no person shall engage in business in this state as a consumer

7

collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration." Fla. Stat. § 559.553(1).  The FCCPA defines a "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).  Defendant argues that it is entitled to summary judgment because a debt buyer does not fit within this definition of a consumer collection agency.  Motion at 6. As discussed in Section C above, this argument fails because Defendant may be considered a debt collector based on its purchase of a defaulted consumer debt.

Alternatively, Defendant argues that even if it can be considered a debt collector, it falls within an exemption to the FCCPA's registration requirement because it is an "out-of-state consumer debt collector which does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state." Motion at 6 (quoting Fla. Stat. § 559.553(4)(h)); Rasberry Decl. ¶ 5.  Plaintiff contends that Defendant does not fall within this exemption because it purchased Plaintiff's debt from Wells Fargo Financial Bank, an entity which has a business presence within Florida. Response ¶ 5; Balthazor Decl. ¶ 6.  Additionally, Plaintiff cites LeBlanc, where the Eleventh Circuit rejected the defendant's argument "that the mere solicitation of an account does not involve any solicitation," to argue that Defendant's purchase of Plaintiff's debt involved solicitation.  601 F.3d at 1198 n.25.  Based on the Eleventh Circuit's holding in LeBlanc, the Court finds that Plaintiff has successfully demonstrated a disputed issue of material fact as to whether Defendant engaged in conduct

8

prohibited by the FCCPA.

### E. Defendant is Not Entitled to Summary Judgment on the Grounds that Its Actions Did Not Violate the FDCPA.

Finally, Defendant argues that it is entitled to summary judgment because it never threatened to take any action against Plaintiff; it simply took action when it filed its counterclaim.  Motion at 7.  A debt collector violates Section 1692e(5) if the debt collector "threat[ened] to take any action that cannot legally be taken or that is not intended to be taken."  Id. at 6 (quoting 15 U.S.C. § 1692e(5)).  Defendant contends that because it simply filed a counterclaim and never threatened to do anything, it has not violated the FDCPA.  Motion at 7.[5]  In opposition, Plaintiff states that Defendant threatened to take a legal action it could not legally take, because without registering with the state of Florida as a consumer collection agency, it was not legally permitted to file a counterclaim regarding Plaintiff's debt.  Response at 7.  Plaintiff cites Bradshaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719, 730 (D. Md. 2011), to support its argument that the FDCPA prohibits not only threats of illegal action, but also illegal actions themselves.  In Bradshaw, the court held that "Section 1692e(5) of the FDCPA .

---

[5] Defendant cites Gonzalez v. Erskine, No. 08-20893-CIV, 2008 WL 6822207, at *3 (S.D. Fla. Aug. 7, 2008), for the proposition that the mere act of filing a lawsuit does not constitute a violation of the FDCPA.  Defendant ignores, however, that Plaintiff alleges that it was Defendant's failure to register as a debt collector with the Florida Office of Financial Regulation *before* filing its counterclaim that constitutes the FDCPA violation.  There were no similar allegations in Gonzalez.  Furthermore, Defendant's argument that this Court has previously rejected an individual's ability to bring lawsuits for failure to register as a debt collector in Florida is no longer an accurate statement of the law.  Motion at 8 n.6 (citing cases).  As discussed in Section C above, the Eleventh Circuit has explicitly held that a defendant's violation of the FCCPA for failure to register as a debt collector may support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take a legal action it could not legally take.  LeBlanc, 601 F.3d at 1192.

. . include[s] the taking of 'action that cannot legally be taken.'" 765 F. Supp. 2d at 730. The Court finds the rationale of the Bradshaw court persuasive.  It would be illogical to read the FDCPA to condemn the mere threat to file a lawsuit that could not be legally instituted, but actually permit the filing of illegal lawsuits.  Accordingly, the Court will deny Defendant's Motion on this grounds.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Security Credit Services, LLC's Motion for Summary Judgment [DE 30] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of January, 2012.

JAMES I. COHN
United States District Judge

Copies to counsel of record via CM/ECF.